# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

TEODORO MERAZ,
ANDREW R. OBLAK,                          Case No. 06-Cr-335
ANA HURTADO,
ANTONIO CRUZ,
JOSE MERAZ,
PEDRO ROMO,
FIDEL MORENO and
RICHARD WELSH,

        Defendants.

---

### MAGISTRATE JUDGE'S RECOMMENDATION TO THE HONORABLE LYNN ADELMAN AND ORDER REGARDING DEFENDANTS MERAZ, OBLAK AND ROMO

---

### NATURE OF CASE

On December 14, 2006, a federal grand jury sitting in this district returned a three-count indictment against defendants Teodoro Meraz, Andrew R. Oblak, Ana Hurtado, Antonio Cruz, Jose Meraz, Pedro Romo, Alejandro Romo, a/k/a "El Caballo," Fidel Moreno and Richard Welsh. The defendants are all charged in Count One with conspiracy to distribute five kilograms or more of a mixture containing cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 846, § 841(b)(1)(A)(ii) and 18 U.S.C. § 2. Defendants Meraz, Cruz and Romo are charged in Count Two with possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), § 841(b)(1)(B) and 18 U.S.C. § 2. Count Three charges

defendants Meraz, Oblak and Welsh with possession with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), § 841(b)(1)(C) and 18 U.S.C. § 2  The indictment also contains a forfeiture provision.

On December 15, 2006, defendants Meraz, Oblak and Romo appeared before United States Magistrate Judge Aaron E. Goodstein for arraignment, entering pleas of not guilty.  The other defendants also entered pleas of not guilty.  Pursuant to the pretrial scheduling order issued at that time, defendant Meraz filed a motion to strike counts of the indictment.  (Docket #68).  Defendant Oblak filed a motion for a bill of particulars.  (Docket # 82).  Defendant Romo filed a motion for a bill of particulars (Docket #74) and a motion to dismiss.  (Docket #75). These motions will be addressed herein.  Defendant Ana Hurtado filed numerous pretrial motions which will be addressed in a separate decision.

## DEFENDANTS MERAZ' AND ROMO'S MOTIONS FOR BILL OF PARTICULARS

Defendants Oblak and Romo have moved for a bill of particulars as to the conduct on their part that the government contends makes them a part of the conspiracy alleged in the indictment.  As grounds for his motion, defendant Oblak asserts that the substance of the information in the discovery relative to him consists of 38 telephone calls between defendant Teodoro Meraz' cell phone and a phone purportedly belonging to him that took place between October 5, 2006, and November 30, 2006.  He asserts that there is a "strong suspicion" that the person on the telephone with defendant Meraz is co-defendant Richard Welsh, defendant Oblak's younger brother.  (Defendant Oblak's Motion for a Bill of Particulars at 2).

In support of his motion, defendant Romo asserts that the discovery material contains very limited references to him.  He maintains that neither the indictment nor the discovery

- 2 -

materials appear to contain any allegations or evidence that he became a part of any conspiracy to deliver cocaine and, thus, do not provide him with fair notice as to what he must defend against. In his reply brief, defendant Romo takes issue with information provided by the government in its responsive brief. He also questions the accuracy of the agent's interpretation in his affidavit of some of the intercepted conversations, which were conducted in Spanish. He asserts that is unfair for the defendant to be part of the indictment when the government refuses to point out the evidence that indicates that he was part of the conspiracy to deliver cocaine.

In response, the government reiterates that it is following its open file policy and will continue to provide all discoverable information to the defendants. The government states that with respect to defendant Oblak's contention that his brother may have provided exculpatory information, the government possesses no such exculpatory information. With respect to the 38 intercepted telephone calls, the government states that upon occasion, after defendants Oblak and Meraz spoke on the telephone and agreed to meet regarding drug related activities, law enforcement agents specifically observed defendant Oblak meet with defendant Meraz. The government also points out that many of the incriminating items seized during the execution of the search warrant were located in areas controlled by both defendant Oblak and defendant Welsh.

Regarding defendant Romo, identified as "Piti," the government states he engaged in 17 drug-related telephone calls with defendant Meraz and that these calls, as well as other information of an incriminating nature, have been provided to defendant Romo during the discovery process. Specifically, the government states that a summary of one call involving defendant Romo, which was intercepted on November 28, 2006, is summarized in the affidavit

in support of the December 2, 2006, criminal complaint.  The government further assets that defendant Romo's notice of alibi suggesting that he was in Mexico from September 2006 until about November 26, 2006, does not preclude his involvement in the conspiracy and substantive count charged in this case.

Rule 7(f) of the Federal Rules of Criminal Procedure allows, in conjunction with the issuance of an indictment, "for the filing of a bill of particulars–a more specific expression of the activities defendant is accused of having engaged in which are illegal."  United States v. Canino, 949 F.2d 928, 949 (7th Cir. 1991).  The trial court has discretion to grant or deny a request for a bill of particulars and the trial court's decision will not be overturned without a showing of an abuse of discretion.  United States v. Fassnacht, 332 F.3d 440, 446 (7th Cir. 2003); Canino, 949 F.2d at 949.

The test for determining whether a bill of particulars should be granted is similar to the test for determining the general sufficiency of the indictment, namely, "whether the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial."  Fassnacht, 332 F.3d at 447 (quoting United States v. Kendall, 665 F.2d 126, 134 [7th Cir. 1981]); Canino, 949 F.2d at 949.  "An indictment which includes each of the elements of the offense charged, the time and place of the accused's conduct which constituted a violation, and a citation to the statute or statutes violated is sufficient to pass this test." Fassnacht, 332 F.3d at 446.  Further, if the defendant could, from reading the indictment, reasonably anticipate the evidence to be introduced at trial, the denial of the motion does not prejudice the defendant.  United States v. Andrus, 775 F.2d 825, 843 (7th Cir. 1985).

- 4 -

"[A] defendant has no right to discover, through a bill of particulars, the evidentiary details of the government's case." United States. v. Brock, 863 F. Supp. 851, 867 (E.D. Wis. 1994) (citing United States v. Glecier, 923 F.2d 496, 501-02 [7th Cir. 1991]). Nor is a bill of particulars intended to compel the government to make a detailed disclosure of its evidence or to reveal the theory of its case. United States v. Glecier, 923 F.2d 496, 502 (7th Cir. 1991); United States v. Johnson, 504 F.2d 622, 628 (7th Cir. 1974) ("It is well settled that a bill of particulars cannot be used to obtain a list of the government's witnesses, or evidentiary detail.")

A defendant is entitled to know the offense with which he is charged and not all the details of how it will be proved. Fassnacht, 332 F.3d at 446 (quoting United States v. Kendall, 665 F.2d 126, 135 [7th Cir. 1981]). "Once the elements of the crime have been specified, an indictment need only provide enough factual information to enable the defendants to identify the conduct on which the government intends to base its case." Fassnacht, 332 F.3d at 446. Indeed, a bill of particulars is not required when a defendant can obtain the information necessary for his or her defense through "some other satisfactory form." Id. at 447 n.2 (quoting Canino, 949 F.2d at 949).

In Canino, the court stated:

> The government maintained an "open-file" discovery policy which provided the defendants with complete and open discovery of all evidence assembled and revealed in the government's investigation. The "open-file" policy, by court order, permitted defense counsel, with proper notice, to make inspection of all files and testimony in the government's possession. The nature and operations of the "open-file" policy is an adequate "satisfactory form" of information retrieval, making the bill of particulars unnecessary. Cf. United States v. Stephenson, 924 F.2d 753, 761-62 (8th Cir.1991); United States v. Kramer, 711 F.2d 789, 796 (7th Cir.1983); United States v. Schembari, 484 F.2d 931, 935 (4th Cir.1973); United States v. Kilroy, 523 F.Supp. 206, 211 (E.D. Wis.1981).

- 5 -

Canino, 949 F.2d at 949. Thus, the court concluded that since the defendant was sufficiently aware of the charges against him and what he had to do to defend himself against at trial, the court did not abuse its discretion in refusing to order the government to provide a bill of particulars.

In this case, the government is following its "open file" policy and has provided discovery to the defendants. In sum, the indictment adequately apprises the defendants of the nature of the charges against them to enable them to prepare a defense and to enable them to plead double jeopardy if a subsequent prosecution for the same offense is brought. The information sought by the defendants goes beyond the bounds of information obtainable in a bill of particulars. Accordingly, the defendants' motions for a bill of particulars will be denied.

## MOTION TO STRIKE COUNTS OF THE INDICTMENT

Defendant Meraz has moved to strike Counts Two and Three of the indictment on the ground of multiplicity. The defendant asserts that "multiplicity here lies between Count One and Count Two and between Count One and Count Three as applied to Meraz." (Motion to Strike Counts of Indictment with Respect to Defendant Meraz on Grounds of "Multiplicity" [Defendant Meraz Motion] at 5). He maintains that the acts of the two defendants named in Count Two provide the overt act necessary for Count One and the "proof is the same." Id. Defendant Meraz further asserts that as between Counts One and Three, the acts of the other defendants named in Count Three provide the overt act necessary for Count One. Thus, defendant Meraz asserts that the proof of the overt act and the conspiracy are the same and, therefore, the counts are multiplicitous.

- 6 -

The government opposes the motion, asserting that each count requires proof of a fact which the other does not. Therefore, the government maintains that there is no multiplicity issue in this case.

"Multiplicity is the charging of a single offense in separate counts of an indictment." United States v. Starks, 472 F.3d 466, 468-69 (quoting United States v. Allender, 62 F.3d 909, 912 (7th Cir. 1995). Thus, an indictment is multiplicitous when it charges the same defendant with the same offense in several different counts. Id.; United States v. Song, 934 F.2d 105, 108 (7th Cir. 1991). The test for multiplicity is whether each count requires proof of a fact which the other does not. Starks, 472 F.3d at 469; United States v. Conley, 291 F.3d 464, 470 (7th Cir. 2002); United States v. Briscoe, 896 F.2d 1476, 1522 (7th Cir. 1990). "If one element is required to prove the offense in one count which is not required to prove the offense in the second count, there is no multiplicity." Starks, 472 F.3d at 469 (quoting United States v. Gonzalez, 933 F.2d 417, 424 [7th Cir. 1991]); Conley, 291 F.3d at 470.

In this case, Count One charges defendant Meraz with knowingly and intentionally conspiring to distribute controlled substances in violation of Title 21, United States Code, Sections 846, 841(b)(1)(A)(ii) and Title 18, United States Code, Section 2. Counts Two and Three charges defendant Meraz and other co-defendants with knowingly and intentionally possessing with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and 18 U.S.C. § 2. It is a well established rule that a substantive crime and a conspiracy to commit that crime are not the "same offence" for double jeopardy purposes. United States v. Felix, 503 U.S. 378, 389-90 (1992). "[T]he 'essence' of a conspiracy offense is 'in the agreement or confederation to commit a crime'." Id. at 389-90 (quoting United States v. Bayer, 331 U.S. 532, 542 [1947]).

- 7 -

Nevertheless, defendant Meraz maintains that because Count Two and Count Three both are based on vicarious liability, they are multiplicitous as to Count One. The defendant distinguishes the facts of United States v. Gonzalez, 933 F.2d 417 (7th Cir. 1991) with the facts of this case in order to support his position. Rather than being distinguishable, however, Gonzalez establishes that the indictment is not multiplicitous as to defendant Merzaz. The indictment in Gonzalez charged Roberto Ramirez with conspiracy to possess with the intent to distribute cocaine, as well as two substantive offenses for aiding and abetting the possession of cocaine. 933 F.2d at 420. Defendant Ramirez argued that the indictment was multiplicitous because the two possession with intent to distribute counts charged in the indictment charged the commission of only one offense. Id. at 424. Both of the possession with intent to distribute counts were based upon a vicarious liability theory. The court of appeals for this circuit held that the two counts contained different elements and, therefore, were not multiplicitous. Id.

In this case, too, both of the possession with intent to distribute counts are based upon a vicarious liability theory. In addition, defendant Meraz, like defendant Ramirez, was charged with conspiracy. Thus, the facts of Gonzalez, are indistinguishable from the facts of this case. The only thing distinguishing this case from the Gonzalez case is defendant Meraz' assertion that multiplicity exists between the conspiracy count and each of the possession counts.

In this case, different and distinct statutory elements exist between Count One and Counts Two and Three and the proof and the evidence differs. Accordingly, this court will recommend that defendant Meraz's motion to strike counts of the indictment on grounds of be denied.

- 8 -

**MOTION TO DISMISS**

Defendant Romo moves to dismiss the indictment pursuant to Fed. R. Crim. P. 12(b), asserting that the undisputed facts, viewed in the light most favorable to government, indicate that he is not guilty of the crimes charged. Specifically, defendant Romo asserts that his name does not appear anywhere in Special Agent Thomas Gorecki's 27-page affidavit, although the affidavit does make reference to several "John Doe" defendants. He also asserts that the discovery materials contain only limited information about him.

Specifically, defendant Romo points out that the discovery documents indicate that law enforcement officers observed defendant Meraz get into his truck on November 27, 2006, and that on December 1, 2006, he was a passenger in a car driven by defendant Meraz when defendant Meraz delivered a kilogram of cocaine to defendant Cruz. Defendant Romo also references a statement by defendant Moreno implicating him. Defendant Romo poses the question: "whether, viewing this evidence in the light most favorable to the government, and drawing all inferences in favor of the government, could a reasonable jury find Romo guilty of being part of a conspiracy beyond a reasonable doubt?" (Defendant Romo' Motion to Dismiss at 4). Defendant Romo maintains that the answer is "no." Id.

In opposing the motion, the government asserts that defendant Romo's challenge to the indictment is based on a factual dispute and, therefore, must be resolved by a jury at trial. The government further states that each of the counts in the indictment sufficiently alleges each and every element of the offense and is not subject to dismissal at this stage of the proceedings.

Rule 12(b)(2) of the Federal Rules of Criminal Procedure provides that a "party may raise by pretrial motion any defense, objection, or request that the court can determine without

a trial of the general issue." Defendant Romo essentially is arguing that a trial is unnecessary because the discovery material contains insufficient facts to establish that he is guilty of a crime.

The court disagrees. The jury necessarily will need to determine whether defendant Romo is guilty of conspiracy to possess with intent to distribute cocaine as charged in Count One and whether he is guilty of the substantive drug offense charged in Count Two based on all the evidence presented. What evidence will be presented with respect to these charges is unknown at this point. The discovery materials provide defendant Romo with an indication of the evidence that will be used against him at trial, but such discovery is not all encompassing. Defendant Romo wants this court to invade the province of the jury and make a factual determination based solely on the discovery materials provided. It is not the function of the court to do so and defendant Romo cites no case law to support his position.

Moreover, a review of the indictment reveals that it is sufficient. An indictment must be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Civ. P. 7(c). To be sufficient, an indictment must: (1) state all of the elements of the offense charged; (2) be sufficiently specific to inform the defendant of the charge; and (3) enable him to plead double jeopardy in any future prosecution for the same offense. United States v. Sandoval, 347 F.3d 627, 633 (7th Cir. 2003); United States v. Glecier, 923 F.2d 496, 499 (7th Cir. 1991). An indictment is generally sufficient when it sets forth the offense in the words of the statute itself, as long as those words expressly set forth all the elements necessary to constitute the offense intended to be punished. Hamling v. United States, 418 U.S. 87, 117-18 (1974); United States v. Agostino, 132 F.3d 1183, 1189 (7th Cir. 1997).

Count One charges a conspiracy to possess with intent to distribute cocaine pursuant to 21 U.S.C. §846.  The standards for sufficiency of an indictment under 21 U.S.C. § 846, as established in United States v. Sweeney, 688 F.2d 1131, 1140 (7th Cir. 1982), require allegations of a conspiracy to distribute drugs, the time during which the conspiracy was operative, and the statute violated.  An indictment is sufficient even if it fails to allege any specific overt act in furtherance of the conspiracy.  In United States v. Shabani, 513 U.S. 10, 15 (1994), the Court held that the government need not prove the commission of any overt act in furtherance of a conspiracy to establish a violation of § 846.

Count One of the indictment meets the requirements set forth in Sweeney.  It alleges a conspiracy to distribute cocaine, delineates the time frame during which the conspiracy existed and sets forth the statutes allegedly violated. Thus, Count One provides defendant Romo with a description of the charges against him so he can prepare a defense and ensures that he is being prosecuted on the basis of facts presented to the grand jury.  Furthermore, it provides sufficient information to enable him to plead double jeopardy against a subsequent prosecution.  As such, Count One of the indictment is sufficient.

Count Two alleges that defendant Romo and two co-defendants violated 21 U.S.C. § 841(a)(1), § 841(b)(1)(B) and 18 U.S.C. § 2 by knowingly and intentionally possessing with intent to distribute a containing cocaine.  The count also sets forth the approximate date of the alleged offense, the place, and the quantity of the controlled substance involved in the alleged violation.  Count Two alleges the essential elements of an offense under 21 U.S.C. § 841(a), cites the relevant statutes allegedly violated and, therefore, is sufficient.  See, e.g., United States v. Westmoreland, 240 F.3d 618, 633 (7th Cir. 2001).

- 11 -

In sum, the defendant has not provided a basis for dismissal of indictment pursuant to Fed. R. Crim. P. 12(b). Moreover, Counts One and Two of the indictment state all of the elements of the offenses charged, are sufficiently specific to inform his of the charge and to enable him to plead double jeopardy in any future prosecution for the same offense. See Sandoval, 347 F.3d at 633. Accordingly, the court will recommend that defendant Romo's motion to dismiss be denied.

## CONCLUSION

**NOW, THEREFORE, IT IS HEREBY RECOMMENDED** that the United States district judge enter an order **denying** defendant Romo's motion to dismiss. (Docket #75).

**IT IS ORDERED** that defendant Meraz' motion to strike counts of the indictment be and hereby is **denied**. (Docket #68).

**IT IS ALSO ORDERED** that defendant Oblak's motion for a bill of particulars be and hereby is **denied**. (Docket #82).

**IT IS FURTHER ORDERED** that defendant Romo's motion for a bill of particulars be and hereby is **denied**. (Docket #74).

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any order or recommendation herein or part thereof may be filed within ten days of service of this order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies

Case 2:06-cr-00335-LA    Filed 07/26/07    Page 12 of 13    Document 110

of any objections shall be sent directly to the chambers of the district judge assigned to the case.  Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 26th day of July, 2007.

BY THE COURT:

_____s/ Patricia J. Gorence_____
PATRICIA J. GORENCE
United States Magistrate Judge