# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
   **Plaintiff,**

 v.                **Case No. 06-CR-335**

**PEDRO ROMO, et al.**
   **Defendants.**

## DECISION AND ORDER

   Defendant Pedro Romo, charged in count one with conspiracy to distribute cocaine and in count two with possession of cocaine with intent to distribute, filed motions for a bill of particulars and to dismiss the indictment. The magistrate judge handling pre-trial proceedings in this case denied the motion for a bill of particulars and recommended denial of the motion to dismiss. Defendant objects to both determinations. Because it pertains to a non-dispositive matter, I may reverse the magistrate judge's order denying the motion for a bill of particulars only if it is clearly erroneous or contrary to law. Fed. R. Crim. P. 59(a). Because a motion to dismiss an indictment is considered dispositive, Fed. R. Crim. P. 59(b)(1), my review on that matter is de novo, Fed. R. Crim. P. 59(b)(3).

### I. BILL OF PARTICULARS

   Federal Rule of Criminal Procedure 7(f) allows the court to direct the government to file a bill of particulars. The function of a bill of particulars is to give the defendant information that the indictment, due to its generality, does not, thereby allowing him to plead his acquittal or conviction in bar of another prosecution for the same offense, to enable the him to prepare his defense, and to avoid surprise at trial. United States v. Boyer, 13 F.R.D. 91, 91-92 (N.D. W.

Va. 1952); see also United States v. Canino, 949 F.2d 928, 949 (7th Cir. 1991) (stating that the bill provides "a more specific expression of the activities defendant is accused of having engaged in which are illegal"). To determine whether a bill is required, the court asks whether the indictment "sufficiently apprises the defendant of the charges to enable him to prepare for trial." Canino, 949 F.2d at 949. The court will not require the government to produce a bill of particulars containing details of how the offense will be proved. United States v. Richardson, 130 F.3d 765, 776 (7th Cir. 1997), vacated on other grounds, 526 U.S. 813 (1999). Further, a bill of particulars is not required when the information necessary to prepare for trial can be obtained through some other satisfactory means. Canino, 949 F.2d at 949. The Seventh Circuit has held that an "open-file" discovery policy "is an adequate 'satisfactory form' of information retrieval, making the bill of particulars unnecessary." Id.; see also United States v. Hernandez, 330 F.3d 964, 975 (7th Cir. 2003) (holding that bill of particulars was not required because information was available through discovery).

I see no clear error in the magistrate judge's denial of defendant's motion. The indictment sufficiently apprises defendant of the offenses with which he is charged. See United States v. Fassnacht, 332 F.3d 440, 445-47 (7th Cir. 2003); United States v. Agostino, 132 F.3d 1183, 1191 (7th Cir. 1997). To the extent that he requires additional details, the government is following its open file policy in this case. In his moving papers, defendant himself identifies discovery materials pertaining to his alleged involvement in the conspiracy, and in its response the government points to seventeen allegedly drug-related phone calls between defendant and a co-conspirator. Defendant takes issue with the government's characterization of the calls, but that is an issue for trial. Defendant is free to argue to the jury that the government is mis-interpreting innocent communications. Defendant also notes that he has filed a notice of alibi

2

for much of the time covered by the indictment. Again, the validity of this defense is a matter for the jury.[1]

In his objections, defendant contends that nothing in the open file materials suggests that he played any role in the conspiracy. Once again, it is not the court's role to scour discovery materials and determine whether the charges can be proven. See United States v. Risk, 843 F.2d 1059, 1061 (7th Cir. 1988) (stating that "at the pretrial stage, the indictment ordinarily should be tested solely by its sufficiency to charge an offense, regardless of the strength or weakness of the government's case"). Under these circumstances, defendant is not entitled to a bill of particulars to discover the government's "theory" of the case. See, e.g., United States v. Roberts, 174 Fed. Appx. 475, 477 (11th Cir. 2006) ("A bill of particulars is not required where the information sought has already been provided by other sources, such as the indictment and discovery, and it is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial.") (internal citations and quote marks omitted); see also United States v. Glecier, 923 F.2d 496, 502 (7th Cir. 1991) (stating that the government need not "reveal the details of how it plans to prove its case").[2]

Therefore, for the reasons stated, the magistrate judge's denial of defendant's motion for a bill of particulars was not contrary to law or clearly erroneous, and I accordingly decline

---

[1]In any event, defendant's alibi does not cover the entire period of the alleged conspiracy. Nor does it cover the date alleged in count two.

[2]Defendant also complains about the manner in which the government typically prosecutes large drug conspiracy cases. I need not decide whether unfairness results from the manner in which such cases often unfold. It is enough to find that defendant has not shown clear error in the magistrate judge's denial of his motion for a bill of particulars under the circumstances of this case.

3

to set it aside.

## II. MOTION TO DISMISS

Under Fed. R. Crim. P. 12(b)(2), a "party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Examples include motions alleging a defect in instituting the prosecution; motions alleging a defect in the indictment or information; motions to suppress evidence; motions to sever charges or defendants; and motions for discovery. Fed. R. Crim. P. 12(b)(3). It is well-settled that a defendant may not, via Rule 12(b), challenge the sufficiency of the evidence of his guilt. See, e.g., United States v. George, 403 F.3d 470, 472 (7th Cir.), cert. denied, 546 U.S. 1008 (2005); Risk, 843 F.2d at 1061. Yet that is precisely what defendant attempts via his motion to dismiss. He reviews the evidence provided in discovery, then argues that no reasonable jury could, based on such evidence, find him guilty beyond a reasonable doubt. The jury must decide the inferences to be drawn from the evidence.[3] As the magistrate judge noted, the indictment in this case is sufficient. Whether the evidence will be sufficient to prove defendant's guilt beyond a reasonable doubt is an issue for trial.[4]

Therefore, for these reasons and those stated by the magistrate judge, defendant's motion to dismiss must be denied.

---

[3]This is not a situation, like that presented in Risk, where the government has acquiesced in the court's consideration of whether the undisputed facts state a violation of law. See Risk, 843 F.2d at 1061.

[4]In his objections on this motion, defendant again complains about the manner in which the government prosecutes drug conspiracy cases. These complaints provide no basis for dismissal of the indictment.

4

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that the magistrate judge's recommendation (R. 109) is **ADOPTED**, and defendant Romo's motion to dismiss (R. 75) is **DENIED**.

**IT IS FURTHER ORDERED** that the magistrate judge's order (R. 109) denying defendant Romo's motion for a bill of particulars (R. 74) is **AFFIRMED**.

Dated at Milwaukee, Wisconsin, this 16th day of October, 2007.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge